4

From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. ALBERT CALF LOOKING, Defendant.

NO. 5486B

## DECISION

The application of the above-named defendant for a review of the sentence of ten years for forgery imposed on October 24, 1965, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence imposed was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime carries a possible penalty of 14 years imprisonment, that the defendant has a record of several prior convictions for the same offense, and on August 15, 1969, the day he was leaving on parole from his present sentence, four counterfeit $20.00 bills were found in his possession and defendant will now leave on "Parole to Federal Detainer".

We thank D. Frank Kampfe, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.


From: The District Court of the Seventh Judicial District. County of Dawson.

STATE OF MONTANA, Plaintiff, vs. JAMES E. GIBSON, Defendant.

NO. 19

## DECISION

The application of the above-named defendant for a review of the sentence of five years for receiving stolen property, imposed on December 11, 1967, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the crime, the individual, and the sentencing goals kept in mind, particularly when it is considered that, although defendant received the maximum for this offense, he has a record of three prior felony convictions which might have been used against him with a resulting ten years imprisonment.

While it may be that the defendant requires treatment for alcoholism, the court believes that this is not a matter it may properly consider at this time. Further, defendant will be eligible for parole consideration in March, 1970.

We thank George Losleben, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 29th day of December, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield and Sid G. Stewart.